### PEOPLE *v.* COHEN *et al.*

(*Common Pleas of New York City and County, General Term.* December 5, 1892.)

RECOGNIZANCE—REMITTING FORFEITURE.

A forfeited recognizance will not be remitted unless it be shown that the expenses of recapture, if there was a recapture, and of enforcing the forfeiture, have been paid.

Motion to vacate a judgment on a forfeited recognizance against Henry Cohen and Josephine Heinrich.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*J. Slacom*, for petitioner. *De Lancey Nicoll*, for the People.

BISCHOFF, J. The certificate of the district attorney fails to show that the expenses incurred in recapture and the enforcement of the forfeiture have been paid. *People* v. *Lasher*, (Com. Pl. N. Y.) 11 N. Y. Supp. 711. Upon filing a certificate meeting the above requirements, or to the effect that there was no such capture, this application should be granted. All concur.

---

### PEOPLE *v.* COHEN *et al.*

(*Common Pleas of New York City and County, General Term.* December 5, 1892.)

BAIL—REMITTING FORFEITED RECOGNIZANCE.

An application for remission of a forfeited recognizance cannot be granted unless the certificate of the district attorney filed in the cause shows that the expenses, if any, of the apprehension or recapture of the prisoner have been paid.

Application by Jennie Cohen and Harris Samilson for remission of forfeited recognizance. Denied.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Mr. Kantrowitz*, for petitioner. *De Lancey Nicoll*, for the People.

BISCHOFF, J. Upon filing the district attorney's certificate to the effect that the expenses incurred in the apprehension or recapture of the accused, and the costs and expenses incurred in the enforcement of the forfeiture, have been paid, or that there were no such costs or expenses, this application should be granted. The certificate annexed to the petition is deficient in the respect mentioned. *People* v. *Lasher*, (Com. Pl. N. Y.) 11 N. Y. Supp. 711. All concur.